# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ABDUL M. SHABAZZ
ADC #129836                                                                                          PETITIONER

VS.                                            5:05CV00246 GH/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                                         RESPONDENT

## ORDER

Petitioner, who is currently confined in the Grimes Unit of the Arkansas Department of Correction ("ADC"), has filed a habeas Petition under 28 U.S.C. § 2254. (Docket entry #1.) Before this matter may proceed, Petitioner must either: (1) pay the $5.00 filing fee in full; or (2) submit a properly completed Application to Proceed without Prepayment of Fees and Affidavit, including a calculation sheet that: (a) is prepared and executed by an authorized official at the incarcerating facility; and (b) reflects the deposits *and* monthly balances in the prisoner's trust account during the six month period immediately preceding the filing of the action.[1] Petitioner is advised that the failure to timely and properly comply with this Order could result in the dismissal of this habeas action, without prejudice, pursuant to Local Rule 5.5(c)(2).[2]

---

[1] The Prisoner Trust Fund Calculation Sheet must be prepared and signed by an authorized officer at the incarcerating facility.

[2] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. **If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.** Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (Emphasis added..)

Finally, the Court notes that Petitioner has not signed his habeas Petition. Rule 2(c) of the Rules Governing Section 2254 Cases provides that all habeas petitions must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Because Petitioner did not sign his habeas Petition as required by Rule 2(c), the Court will direct the Clerk to return it to Petitioner for his signature.

IT IS THEREFORE ORDERED THAT:

1. Petitioner must, **on or before October 7, 2005**, file a signed habeas Petition, and either (1) pay the $5.00 filing fee; or (2) file a properly completed Application to Proceed without Prepayment of Fees and Affidavit, including include a calculation sheet that: (a) is prepared and executed by an authorized official at the incarcerating facility; and (b) reflects the deposits *and* monthly balances in the prisoner's trust account during the six month period immediately preceding the filing of the action.

2. The Clerk of the Court is directed to return the Petition (docket entry #1) to Petitioner, and mail Petitioner an Application to Proceed without Prepayment of Fees and Affidavit (form AO-240).

3. Service of the habeas Petition (docket entry #1) is not appropriate at this time.

Dated this __8th__ day of September, 2005.

_____
UNITED STATES MAGISTRATE JUDGE